# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-04050-01-CR-C-BP |
| JOSEPH FRANK MEIDEL, | ) |
| Defendant. | ) |

## ORDER

On February 7, 2013, Magistrate Judge Matt J. Whitworth issued his Report and Recommendation concluding that the Court should deny Defendant Joseph Frank Meidel's Motion to Suppress Evidence and for Hearing. (Doc. 16). Defendant objects to the Report. (Doc. 30.) The Court has conducted an independent review of Judge Whitworth's Report, (Doc. 29), as well as the parties' filings submitted before and in response to the Report. The Court denies Defendant's motion and overrules his objection, adopting a modified version of the Report below as its Order.

The Court adopts the entirety of the Report with the following addition to section III, subsections B-E. Defendant argues that he was subjected to a warrantless search and seizure within the curtilage of his home, in violation of his Fourth Amendment rights. Even assuming that the Defendant was within the curtilage of his home at the time he was arrested, probable cause and exigent circumstances existed to permit police offers to constitutionally enter the curtilage. Further, the police officers had probable cause to then arrest and search the Defendant without a warrant.

A warrantless entry into the curtilage surrounding a home must be supported by probable cause and exigent circumstances. *United States v. Wells*, 648 F.3d 671, 679 (8th Cir. 2011). Probable cause exists in this context when, under the totality of the circumstances, a reasonable person could believe there is a fair probability criminal evidence would be found in a particular place. *United States v. Cisneros-Gutierrez*, 598 F.3d 997, 1004 (8th Cir. 2010). The exigent circumstances exception justifies immediate, warrantless police action if lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed. *United States v. Amburn*, 412 F.3d 909, 915 (8th Cir. 2005). Application of this exception to the warrant requirement must be objective and focus on what a reasonable, experienced police officer would believe. *Id.*

Here, the police officers' entry into the curtilage of Defendant's home was supported by probable cause because they observed an illegal firearm in the Defendant's waistband, and they knew him to be a convicted felon. Further, exigent circumstances existed. The officers immediately ordered the Defendant to stop after viewing his firearm, but he instead backed away toward a dumpster and appeared to be reaching for his weapon. The Defendant's actions constituted a threat to the officers and neighbors in the surrounding area, and may have also been an attempt at escape or evidence destruction.[1] Thus, probable cause and exigent circumstances justified the officer's entry onto the Defendant's property by jumping the fence.

Moreover, once the officers had entered the Defendant's property due to the existence of probable cause and exigent circumstances, they then had probable cause to arrest Defendant, search him, and to seize his firearm. A warrantless arrest is reasonable under the Fourth Amendment where it is likewise supported by probable cause. *Bernini v. City of St. Paul*, 665 F.3d 997, 1003 (8th Cir. 2012). Probable cause to arrest exists when the cumulative facts and

---

[1] Because the Court finds that it was Defendant's failure to respond to the officer's directions and his movement toward his weapon that created the exigent circumstances, the Court rejects Defendant's arguments that the warrant exception does not apply because the police officers impermissibly created the exigent circumstances themselves.

circumstances within an officer's knowledge are sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime. *Id.* A search of a person, incident to a lawful arrest, is another exception to the warrant requirement. *United States v. Perdoma*, 621 F.3d 745, 750 (8th Cir. 2010). Like the exigent circumstances exception, the interests supporting a search incident to arrest are officer and public safety, as well as evidence preservation. *Id.*

As discussed above, the officers witnessed the Defendant commit a crime by possessing an illegal firearm, which formed probable cause to arrest. The officers were then constitutionally permitted to search the Defendant and seize the firearm in order to preserve evidence of a crime and to ensure their safety.

Accordingly, Defendant Joseph Frank Meidel's Motion to Suppress Evidence and for Hearing, (Doc. 16), is **DENIED**. Further, Defendant's objection to Judge Whitworth's Report and Recommendation, (Doc. 30), is **OVERRULED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: March 14, 2013